FILED
OCT 07 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

SAYYID QADRI,

Plaintiff,

v.

CITY OF EVANSTON, EVANSTON POLICE OFFICERS G. HOREMIS, M. YORTY, KEN CARTER, STEVE CARTER, EDWARD BIONDI, and as-yet UNKNOWN EVANSTON POLICE OFFICERS,

Defendants.

04 C 5770

Judge St. Eve

DOCKETED
OCT 08 2004

JURY TRIAL DEMANDED

**NOTICE OF FILING**

TO: Mark Smolens
Ryan, Smolens, and Jones
180 N. LaSalle Street, Suite 2303
Chicago, Illinois 60601-2703

Please take notice that on October 6, 2004, I filed the attached First Amended Complaint, as of right under F.R.C.P. 15, at the United States Courthouse, 219 South Dearborn, Chicago, IL.

LOEVY & LOEVY
312 North May
Suite 100
Chicago, IL 60607

**CERTIFICATE OF SERVICE**

The undersigned states that on October 6, 2004, I delivered this Notice and First Amended Complaint to the above-named counsel at the address indicated, by depositing them with the U.S. Postal Service first class mail, postage prepaid..



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

FILED
OCT 07 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

SAYYID QADRI,

Plaintiff,

v.

CITY OF EVANSTON, EVANSTON POLICE OFFICERS G. HOREMIS, M. YORTY, KEN CARTER, STEVE CARTER, EDWARD BIONDI, and as-yet UNKNOWN EVANSTON POLICE OFFICERS,

Defendants.

04 C 5770

Judge St. Eve

DOCKETED
OCT 08 2004

JURY TRIAL DEMANDED

**FIRST AMENDED COMPLAINT**

Plaintiff, SAYYID QADRI, through his attorneys, LOEVY & LOEVY, complains of Defendants, CITY OF EVANSTON, EVANSTON POLICE OFFICERS G. HOREMIS (Star No. 163), M. YORTY (Star No. 171), KEN CARTER, STEVE CARTER, EDWARD BIONDI, (collectively "DEFENDANT OFFICERS") and as-yet UNKNOWN EVANSTON POLICE OFFICERS as follows:

**Introduction**

1. This case is brought under 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. Specifically, Plaintiff was the victim of a vicious beating at the hands of multiple police officers in a bathroom stall in the Evanston Police Department.

3. The location of the beating was no coincidence. The reason why the officers chose the bathroom stall was because it was the only place in the entire police



station that is not monitored by video recorders.

4. Although the officers took steps to ensure that the beating would not be recorded, the station's cameras did capture images of Plaintiff being pushed into the stall, whereupon several officers entered the stall, while others stood outside and watched. The recordings show Plaintiff eventually emerging from the stall covered in blood from a wound that later required six stitches to close. A digital copy of these video images is incorporated into this Complaint as Exhibit A.

5. This gratuitous violence violated Plaintiff's constitutional rights in the manner described more fully below.

**Jurisdiction and Venue**

6. This Court has jurisdiction of the action under 28 U.S.C. § 1331. Venue is proper as Plaintiff is a resident of this judicial district and Defendant, City of Evanston, is a municipal corporation located here. On information and belief, Defendant Officers are all residents of this judicial district. Further, the events giving rise to these claims all occurred within this district.

**Factual Allegations**

7. Plaintiff is a 22-year old man who lives in the West Rogers Park area of Chicago, Illinois. He works in his family's video production business.

8. On March 10, 2004 at about 11:00 p.m., Plaintiff was driving his car and made a right turn onto Ridge Avenue in Evanston, Illinois.

9. After he turned onto Ridge, Plaintiff saw in his rearview mirror a marked Evanston Police car with its emergency lights on so Plaintiff pulled his car over to the right side of the road.

10. Defendant Horemis was the Evanston Police Officer who pulled Plaintiff over. He did so based on an alleged unlawful right turn on red.

11. After pulling over Plaintiff, Defendant Horemis learned that Plaintiff's drivers licence had expired. Defendant Horemis handcuffed Plaintiff's hands behind his back and then drove him to the Evanston Police Department station. At no time did Plaintiff resist being arrested for the minor traffic infractions.

12. During the drive to the station, Defendant Horemis continually complained to Plaintiff about how bad the day had been for Horemis.

**The Beating**

13. When they reached the station, Defendant Horemis forcefully grabbed Plaintiff and removed him from the marked police car with more force than was reasonable. Plaintiff continued to cooperate and the two of them then walked to the door of the station.

14. After entering the station, Defendant Horemis told Plaintiff that the police station is "my house, now you listen to me" or words to that affect. Plaintiff asked for his traffic ticket so he could leave.

15. When Plaintiff persisted in contending that he should be ticketed and

allowed to leave, Defendant Horemis, who is much larger than Plaintiff, grabbed Plaintiff and dragged him out of the clerical area where they were standing.

16. Defendant Horemis pulled Plaintiff through a short hallway and into a bathroom. Two additional Evanston Police Officers followed closely behind. They were Defendants Yorty and Ken Carter.

17. During this time period and all of the events described below, Plaintiff's hands were cuffed behind his back, leaving him helpless to defend himself.

18. Followed by the two other police officers, Defendant Horemis led Plaintiff into the bathroom and then Horemis forcefully shoved Plaintiff into a bathroom stall. Horemis entered the stall directly behind Plaintiff and choked him with both of his hands while Yorty and Ken Carter stood outside the stall and looked in. Horemis lifted Plaintiff off the ground by his neck as he continued to choke him.

19. Yorty then entered the bathroom stall and grabbed Plaintiff's arms, allowing Horemis a free hand, which he used to slam Plaintiff's face into the bathroom wall. That blow tore a gash near Plaintiff's left eye, which began to bleed profusely, a wound that later needed six stitches to close. One or both of the officers drove Plaintiff's leg and knee into the plumbing fixtures in the bathroom stall.

20. During the above-described time period, another Evanston Police Officer, Defendant Steve Carter arrived and stood outside the stall watching the beating.

21. At some point during the beating, Ken Carter stopped looking inside the

stall and took a position as a lookout at the door.

22. Plaintiff became dizzy and had difficulty seeing because of the blood dripping from his eye. He also had bruises on his arms and legs.

23. After Plaintiff started bleeding heavily, Horemis pulled him from the stall and slammed him down on a bench in the bathroom. Horemis then repeatedly violently threw Plaintiff against the wall. Yorty joined Horemis in taking turns slamming Plaintiff against the wall, and Defendant Horemis again choked Plaintiff as he sat on the bench. Unlike the events that occurred inside the stall, this violence was caught on tape.

24. Throughout the beating by Horemis and Yorty, neither Ken Carter or Steve Carter did anything to intervene to stop any of the abuse. Rather, Ken Carter acted as a lookout while the serious beating was being inflicted on Plaintiff.

25. After the beating, another Evanston Police Officer, Defendant Edward Biondi, who on information and belief is a superior officer to the other four officers, came to the bathroom. Plaintiff told Biondi that he had been beaten up by the Evanston Police officers, but Biondi took no action to investigate.

**Plaintiff Requires Medical Attention**

26. As Plaintiff continued to bleed, someone telephoned for an ambulance, which arrived about five or ten minutes later.

27. An emergency medical technician treated Plaintiff at the station and then stated that Plaintiff needed to go to the hospital.

28. Defendant Yorty traveled with Plaintiff in an ambulance to and from Evanston Northwestern Hospital, where Plaintiff was given six stitches to close the wound to his eye.

29. Defendants Yorty and Horemis drove Plaintiff back to the station from the hospital, as they drove they openly discussed among themselves how to lie about what happened to Plaintiff to make their abuse look like Plaintiff's fault.

30. After his return from the hospital, Plaintiff was booked, photographed fingerprinted and held in the Evanston Police Department lockup overnight and then in Cook County Jail until his bond was paid the next night and he was finally released and allowed to go home.

**Defendants Concoct Sham Criminal Charges**

31. Defendants Yorty, Horemis, Ken Carter and Steve Carter, together with other as-yet unknown co-conspirators, all conspired to invent a story that Plaintiff resisted arrest and committed aggravated battery and criminal damage to property of the bathroom stall where the beating took place.

32. To protect themselves, Defendants went so far as to file criminal charges against Plaintiff based on these false allegations. Even though the criminal charges were based on lies, the State's Attorney's office agreed to prosecute Plaintiff on the bogus charges.

33. The Evanston Police Department initially refused to release the security

camera video, but then relented. After reviewing those security camera videos, the State's Attorney's office dropped all prosecution against Plaintiff.

**Plaintiff Complains to Evanston Police Department**

34. Plaintiff attempted to file a complaint with the Evanston Police Department on March 12, 2004. During his first call, he was told that there was no one there who could take his complaint. He called several more times and was finally told that he had to make an appointment to meet with an investigator. He was told that he would have to meet the investigator at the scene of his beating, *i.e.*, the Evanston Police Department station.

35. Plaintiff gave a statement to the investigator and provided photographs of his wounds. Six months after the incident, Defendants Horemis and Yorty were indicted by a Cook County Grand Jury for their misconduct. On information and belief, Defendants Ken Carter, Steve Carter and Biondi were not disciplined.

36. As a result of the Defendants' wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to physical pain and suffering, mental distress and anguish.

**Count I - 42 U.S.C. § 1983: Excessive Force**

37. Plaintiff realleges all paragraphs in this Complaint as if fully stated herein.

38. Defendant Officers subjected Plaintiff to excessive force in violation of the Fourth Amendment using objectively unreasonable force in the manner described above.

39. Moreover, other Defendant Officers stood by and watched the violence against Plaintiff, yet failed to intervene.

40. Plaintiff did not resist or evade arrest, did not threaten to harm Defendant Officers, did not attempt to flee, and was arrested on a minor offense.

41. As a result of this misconduct, Plaintiff suffered physical and emotional injuries, lost wages, and other damages.

42. The misconduct described in this Count was undertaken under the policy and practice of the Evanston Police Department in that:

a. As a matter of both policy and practice, the Evanston Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Evanston Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Evanston Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Evanston Police Officers accused of excessive force can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Evanston Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Evanston Police Department takes complaints and makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Evanston Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

e. The City of Evanston has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

43. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

**Count II – 42 U.S.C. § 1983: Unlawful Seizure**

44. Plaintiff realleges all paragraphs in this Complaint as if fully stated herein.

45. As described above, Defendant Officers falsely arrested Plaintiff for aggravated battery and criminal damage to property. They further unlawfully extended Plaintiff's detention without justification and without probable cause.

46. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

47. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

48. The misconduct was undertaken under the policy and practice of the Evanston Police Department in the manner described above.

**COUNT III 42 U.S.C. § 1983:**
**Conspiracy to Deprive Constitutional Rights**

49. Plaintiff realleges all paragraphs in this Complaint as if fully stated herein.

50. Defendant Officers conspired to jointly take Plaintiff into the bathroom stall to beat him.

51. After beating Plaintiff, Defendant Officers further conspired to initiate baseless criminal charges against Plaintiff in an effort to conceal their beating of him.

52. The Agreements referenced in the preceding paragraph are the policy and practice of the Evanston Police Department, and were tacitly ratified by policy-makers for the City of Evanston with final policymaking authority. The Evanston Police Department fails to maintain a proper investigation procedure to provide redress for the civil rights violations of the type suffered by Plaintiff.

53. As a direct and proximate result of the illicit prior Agreement referenced above, Plaintiff's rights were violated.

54. Specifically, Plaintiff was beaten and subjected to criminal prosecution despite the lack of any probable cause for the prosecution.

55. Because of the Evanston Police Department's failure to provide adequate redress for citizen complaints even where meritorious, Defendant Officers are encouraged to believe they can act with a sense of impunity and without fear of any repercussions, even where they purposefully violate the rights of citizens they are supposed to protect. In this manner, the alleged Agreement proximately caused Plaintiff's injuries in this case.

56. Independently, during Plaintiff's prosecution, each of the Defendants further conspired to deprive Plaintiff of exculpatory materials to which he was lawfully entitled. That evidence ultimately led to the end of the prosecution against Plaintiff.

57. In this manner, Defendant Officers, acting in concert with other unknown co-conspirators conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

58. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

59. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

60. As a proximate result of the conspiracy, Plaintiff suffered financial damage, physical pain and suffering as well as severe emotional distress and anguish.

61. The misconduct described in this Count was undertaken pursuant to the

policy and practice of the Chicago Police Department in the manner described more fully in preceding paragraphs.

**COUNT IV – State Law Claim: Assault and Battery**

62. Plaintiff realleges all paragraphs in this Complaint as if fully stated herein.

63. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

64. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

65. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

65. As a result of the offensive touching, Plaintiff sustained bodily injuries, including but not limited to a reasonable apprehension of great bodily harm.

66. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF EVANSTON, is liable for their actions.

**COUNT V – State Law Claim: False Imprisonment**

67. Plaintiff realleges all paragraphs in this Complaint as if fully stated herein.

68. Plaintiff was arrested and imprisoned, and thereby had his liberty to move

about unlawfully restrained, despite Defendant Officers' knowledge that there was no probable cause for doing so.

69. Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

70. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

71. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF EVANSTON, is liable for their actions.

**COUNT VI – State Law Claim: Malicious Prosecution**

72. Plaintiff realleges all paragraphs in this Complaint as if fully stated herein.

73. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

74. Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

75. Statements of the Defendant Officers regarding Plaintiff's alleged

culpability were made with knowledge that the statements were false and perjured. In so doing, the Defendant Officers fabricated evidence and withheld exculpatory information.

76. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

77. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

78. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF EVANSTON, is liable for their actions.

**COUNT VII – State Law Claim: Civil Conspiracy**

79. Plaintiff realleges all paragraphs in this Complaint as if fully stated herein.

80. As described more fully in the preceding paragraphs, Defendants, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

81. In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.

82. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

83. As a proximate result of Defendants' conspiracy, Plaintiff suffered damages,

including physical pain and suffering and severe emotional distress and anguish.

**COUNT VIII – State Law Claim**
**Intentional Infliction of Emotional Distress**

84. Plaintiff realleges all paragraphs in this Complaint as if fully stated herein.

85. The acts and conduct of Defendant Officers as set forth above were extreme and outrageous. Defendants Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

86. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

87. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

88. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

**COUNT IX – State Law Claim: *Respondeat Superior***

89. Plaintiff realleges all paragraphs in this Complaint as if fully stated herein.

90. In committing the acts alleged in the preceding paragraphs, Defendant Officers were members of, and agents of, the Evanston Police Department, acting at all relevant times within the scope of their employment.

91. Defendant City of Evanston is liable as the principal for all torts committed by its agents.

**COUNT X– State Law Claim: Indemnification**

92. Plaintiff realleges all paragraphs in this Complaint as if fully stated herein.

93. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

94. Defendant Officers are or were employees of the City of Evanston, and acted within the scope of their employment in committing the misconduct described herein.

**Request for Relief**

Plaintiff, SAYYID QADRI, respectfully requests that the Court:

A. enter judgment in his favor and against Defendants, CITY OF EVANSTON, OFFICERS HOREMIS, YORTY, KEN CARTER, STEVE CARTER, and BIONDI and as-yet UNKNOWN POLICE OFFICERS;

B. award compensatory damages against Defendants, CITY OF EVANSTON, OFFICERS HOREMIS, YORTY, KEN CARTER, STEVE CARTER, and BIONDI and as-yet UNKNOWN POLICE OFFICERS;

C. award attorneys' fees against Defendants, CITY OF EVANSTON,OFFICERS HOREMIS, YORTY, KEN CARTER, STEVE CARTER, and BIONDI and as-yet UNKNOWN POLICE OFFICERS;

D. award punitive damages against OFFICERS HOREMIS, YORTY, KEN

CARTER, STEVE CARTER, and BIONDI and as-yet UNKNOWN POLICE OFFICERS; in their individual capacities; and

E. grant any other relief this Court deems just and appropriate.

**Jury Demand**

Plaintiff, Sayyid Qadri, demands a trial by jury under Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Mark Reyes
LOEVY & LOEVY
312 North May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900